UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GREGOIRE M. NLEME,                          CIVIL NO. 17-4133 (JRT/DTS)

      Plaintiff,

v.                                         REPORT AND RECOMMENDATION

FORD MOTOR COMPANY,

      Defendant.

---

Gregoire M. Nleme, 17382 Glacier Way, Apt. 30, Rosemount, MN 55068, Pro Se Plaintiff

Alana K. Bassin, Esq., Carly W. Stephani, Esq. and Rachelle A. Velgersdyk, Esq., Bowman and Brooke LLP, 150 South Fifth Street, Suite 3000, Minneapolis, MN 55402; Eugene Scalia, Esq. and Naima L. Farrell, Esq., Gibson, Dunn & Crutcher LLP, 1050 Connecticut Avenue NW, Washington, DC 20036, counsel for Defendant Ford Motor Company

---

## INTRODUCTION

The above matter came before the undersigned on March 5, 2018 upon Ford Motor Company's Rule 12(b)(6) Motion to Dismiss [Docket No. 16]. The motion was referred to the undersigned by Chief Judge John R. Tunheim for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) [Docket No. 25]. Plaintiff did not file a response to the motion nor appear at the hearing. Naima L. Farrell, Esq. and Carly W. Stephani, Esq. appeared on behalf of Defendant.

Plaintiff Gregoire M. Nleme ("Nleme") filed this *pro se* lawsuit against Defendant Ford Motor Company ("Ford")—his fourth in almost as many years—ostensibly raising claims of defamation and employment discrimination. Ford brings this motion to dismiss with prejudice under Fed. R. Civ. P. 12(b)(6), arguing that Nleme's complaint is wholly

barred by the doctrine of *res judicata* or, if not wholly barred, fails to state a cognizable claim for which relief may be granted.

Because Nleme failed to appear at the hearing on the motion or respond to Ford's motion to dismiss, for the reasons stated below, it is recommended that Nleme's Complaint be dismissed without prejudice, that Defendant Ford Motor Company's Motion to Dismiss be denied as moot; and that Nleme be barred from filing any new actions in this district unless he is represented by counsel or is granted prior authorization by a Judge or Magistrate Judge of the District Court to file a proposed complaint.

## FINDINGS OF FACT

Over the past several years, Nleme has filed numerous *pro se* actions in this Court. He previously sued Ford in 2013, 2015, and 2016. The Court dismissed the 2013 complaint for failure to state a claim. The Court dismissed Nleme's subsequent complaints against Ford as being barred by *res judicata* or otherwise failing to state a claim. In this same time period, Nleme also brought suit against Walden University twice, then-President Barrack Obama twice, the CIA, the Dakota County Sheriff, and one of his neighbors. Each of these actions was dismissed either for failing to state a claim for which relief could be granted, being frivolous, or being barred by the doctrine of *res judicata.*

Nleme began this most recent action in September 2017, alleging primarily the same facts that he had in previous complaints against Ford. *See generally* Compl., Docket No. 1; Bassin Decl., Ex. A, Docket No. 19. Ford brought a motion to dismiss under 12(b)(6) following three attempts to contact Nleme. *See* Rule 12(b)(6) Motion to Dismiss, Docket No. 16; Meet and Confer Statement, Docket No. 20. The Court

subsequently issued an order giving Nleme until January 31, 2018, to file a response to Ford's motion to dismiss and scheduling a hearing on the motion for March 5, 2018. *See* Jan. 12, 2018 Order, Docket No. 27.

Nleme failed to file any response to Ford's motion to dismiss by the January 31, 2018 deadline and did not appear at the March 5, 2018 hearing.

## CONCLUSIONS OF LAW

I.    <u>Dismissal of the Lawsuit</u>

Because Nleme has failed to substantively respond, the Court will not reach the merits of Ford's motion to dismiss. However, it is appropriate to dismiss this action without prejudice based upon Nleme's failure to prosecute the action.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power.'" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Unless stated in the order, dismissal under 41(b) is considered to be with prejudice. Fed. R. Civ. P. 41(b). The Eighth Circuit has cautioned against dismissing a claim with prejudice under Rule 41(b) unless there has been "willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984). Instead, a court should "consider whether a less severe sanction could remedy the effect of the litigant's transgressions." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). However, prior admonition or warning is not required before dismissal. *Id.*

3

Nleme's conduct satisfies the requirement for dismissal under Fed. R. Civ. P. 41(b). Since filing this action and serving Ford, Nleme has been effectively unresponsive. Ford attempted numerous contacts prior and subsequent to bringing this motion before Nleme responded. *See* Dec. 19, 2017 Meet and Confer Statement, Docket No. 20; Jan. 10, 2018 Meet and Confer Statement, Docket No. 26. Besides this apparently fruitless telephonic meet and confer, Nleme has done nothing to respond to Ford's motion or to in any way comply with the Court's Order dated January 12, 2018. The Court has previously warned Nleme that, given the number and often vexing nature of the complaints he has filed, dismissal with prejudice may well be warranted given the "mounting prejudices of time, money, effort, and angst on opposing parties." R & R, *Nleme v. Patrick*, No. 16-CV-2096 (Apr. 4, 2017), *adopted by*, Order, *Nleme v. Patrick*, No. 16-CV-2096 (May 25, 2017). However, because Nleme is a *pro se* litigant and has not explained to the Court why his current complaint is meaningfully different from prior cases, dismissal without prejudice more appropriately balances this Court's need to control its docket with Nleme's access to justice. *See Hunt*, 203 F.3d at 527.

## II.    <u>Commencement of Further Actions</u>

While the Court recommends dismissal of the current complaint without prejudice, it is clear from Nleme's continued conduct in the face of prior admonitions that further action is warranted. 28 U.S.C. § 1651(a) codifies the power of federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This power extends to the issuance of injunctions barring litigants from filing new actions without approval of the court. *See In re Pointer*, 345 F. App'x 204, 205 (8th Cir. 2009). Before issuing such an injunction, a court considers "(1) the party's history of litigation, particularly whether he has filed

4

vexatious, harassing, or duplicative lawsuits; (2) whether the party has an objectively good faith basis for pursuing the litigation; (3) whether the party has caused needless expense to other parties or has posed an unnecessary burden on the courts; and (4) whether other sanctions would adequately protect the court and other parties." *Westley v. Bryant*, 2015 WL 2242161, at *10 (D. Minn. May 12, 2015) (citing *Cromer v. Kraft Foods N. Am. Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)).

All four factors weigh in favor of granting a pre-filing injunction. This is Nleme's fourth lawsuit against Ford in the past five years, each of the prior suits being dismissed for failure to state a claim or deemed duplicative and barred by *res judicata*. Nleme has articulated no good faith basis, objective or otherwise, for why this lawsuit is merited because he has failed to appear at a scheduled hearing or otherwise prosecute the litigation. By bringing numerous lawsuits that apparently rely upon the same factual underpinnings, Nleme has imposed a needless expense upon Ford by requiring them to respond each time to new, indistinguishable claims. Finally, it is not clear that other sanctions would appropriately protect Ford or this Court. Because Nleme is a *pro se* litigant proceeding *in forma pauperis*, *see* Oct. 10, 2017 Order, Docket No. 3, monetary sanctions appear neither effective nor just.

While the law favors a narrowly-tailored pre-filing injunction, *In re Pointer*, 345 F. App'x, at 205, this Court concludes that a pre-filing injunction should extend to all new cases in which Nleme attempts to proceed *pro se*. He has filed nine *pro se* lawsuits in this district since 2013, each naming one or more defendants he believes to have wronged him. The Court has dismissed each of these actions. Limiting the injunction to suits against Ford would likely frustrate its purpose. *See Dixon v. Deutsche Bank Nat'l Trust Co.*, 2008 WL 4151835, at *14 (D. Minn. Sept. 3, 2008) ("Given his past history,

absent such a sanction, Dixon will merely search his voluminous papers for another entity . . . .").

**RECOMMENDATION**

For the reasons set forth above, IT IS RECOMMENDED THAT:

1.    Plaintiff Gregoire M. Nleme's Complaint [Docket No. 1] be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b);

2.    Defendant Ford Motor Company's Rule 12(b)(6) Motion to Dismiss [Docket No. 16] be DENIED as moot; and

3.    Plaintiff be barred from filing any new cases in this District unless he is represented by counsel or he is granted prior authorization by a Judge or Magistrate Judge of the District Court to file a proposed complaint.


Dated:        April 11, 2018

                                    *s/ David T. Schultz*
                                    DAVID T. SCHULTZ
                                    United States Magistrate Judge



**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).